## LE VINE v. GRAYBAR ELECTRIC CO. et al.

### No. 2607.

District Court, W. D. Michigan, S. D. May 28, 1934.

Frank E. Liverance, of Grand Rapids, Mich., for plaintiff.

Knappen, Uhl, Bryant & Snow, of Grand Rapids, Mich., and Paul, Paul & Moore and Maurice M. Moore, all of Minneapolis, Minn., for defendants.

RAYMOND, District Judge.

This suit alleges infringement of claim 11 of Barr and Jackson patent No. 1,-466,656, title to which is now in plaintiff. The alleged infringing device is manufactured by Waters-Genter Company and is sold in this district by the Graybar Electric Company. No service was had upon the Waters-Genter Company and no answer was filed by it. The defense of the remaining defendant is invalidity and noninfringement.

In the Barr and Jackson patent, the specifications state the object of the invention and general construction of the electric toaster covered thereby as follows:

"This invention relates to means adapted to toast both sides of a plurality of slices of bread simultaneously and at the same time

heat articles placed on the top plate of the toaster, and its object is to provide a device of this character which shall have a maximum toasting effect, which can be cheaply constructed and which will not readily get out of order. * * *

"This toaster is formed of a base and the parts connected thereto, an inner and two outer heating elements and the supports therefor, a toast carrier slidable on the base between the heating elements and a top plate which is preferably flat and formed with slots through which hot air may rise to heat utensils placed thereon."

Claim 11 reads: "A toaster comprising a base, a top, a series of heating elements extending between the base and the top, and casings for the outer heating elements, said base and top being perforated to permit upward flow of heated air."

The validity of this patent was before the court in the case of Le Vine y. Sears, Roebuck & Company et al, (D.C.) 19 F. Supp. 301, in which claim 11 was held to be valid and infringed. Defendant in the present case also strongly urges invalidity of the patent, and considerable evidence was introduced to sustain defendant's contentions in addition to that which was before the court in the Sears, Roebuck Case. However, in view of the conclusion of the court to dispose of the case on the issue of infringement, no extended consideration will be given to the defense of invalidity.

Defendant's toaster is of the ordinary household type and is of the usual size for toasting two slices of bread. There are present a base, a top, and a series of parallel heating elements, vertically positioned, extending substantially the length of the toaster between the base and the top. There are a central heating element and two outer heating elements spaced apart from each other sufficient distances that a slice of bread may be placed in each of the two toasting chambers thus formed and the two slices toasted simultaneously. The top has two entrance slots for slices of bread but contains no other openings. There are no openings on the front or sides of the casing except a narrow slot in the front through which the arm of the lifting mechanism passes. The base plate has openings for the entrance of air consisting of two elongated narrow slots near each side and a depressed central portion which is cut at opposite ends from the remaining metal of the base, thereby providing two additional air entrance

openings. The toaster is supported by short legs. By this arrangement there is a restricted quantity of air introduced into the toasting compartments. Chambers adjacent to the outer heating elements are formed by the side walls and portions of the end walls of the casing. The inner side thereof is the sheet of mica which forms the support for the resistance tape of the heating element. There are no openings in or near the tops or bottoms of these chambers.

It is not true (as urged by defendant) that the Barr and Jackson patent failed to teach regulated or controlled draft through a toaster. There are disclosed, not only in claim 11 but in the drawings and specifications, perforations of restricted area which definitely control the flow of air through the chimneys adjacent to the outer heating elements. It is not proper to conclude that this regulated draft performs no useful function in aiding to control the heat applied to the surfaces of the slices of bread exposed to these outer heating elements. Prior art structures, however, necessitate the conclusion that regulation of air currents through the toasting chambers of the oven type of electric toasters is not novel and that, whatever of advance may be present, the disclosure of the patent in suit has no pertinency to the circulation of air in these toasting chambers. Almost complete opening of the front and rear of the toasting chambers from base to top in plaintiff's commercial structure denies conception of such regulation. Whatever slight influence may be exercised on circulation of air through the toasting chambers by means of perforations in either the top or bottom is almost wholly, if not completely, dominated by air currents which find ingress and egress through the wholly open rear ends and the almost wholly open front ends. Currents of air can readily pass in and out of the lower and upper portions of these four openings. It is the conclusion of the court that the inventive concept disclosed by plaintiff's patent in connection with regulation and control of air currents must be confined to such as is found in the chambers adjacent to and outwardly from the outer heating elements.

Defendant's toaster discloses no attempt to provide for draft through the chambers adjacent to the outer heating elements, and because of the lack of use of this element the court finds no infringement of the combination of elements found in claim 11.

It results that a decree must be entered dismissing the bill of complaint.

This opinion is adopted by the court as its findings of fact and conclusions of law and is hereby made a part of the record.